**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LISBAN RODRIGUEZ HERRERA,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-1836** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, Clinton County Correctional Facility,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Pending before the court is petitioner Lisban Rodriguez Herrera's ("Rodriguez") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Rodriguez's petition will be **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Petitioner Lisban Rodriguez Herrera is a citizen of Cuba. (Doc. 8-2 at 2). Rodriguez entered the United States on February 17, 2022, by crossing the United States-Mexico international border near San Luis, Arizona. *Id.* at 3. He was encountered by Border Patrol agents, taken into custody, and paroled into the United States. *Id.*

On August 21, 2023, Rodriguez was arrested by the Houston Police Department and charged with driving while intoxicated, which he pleaded guilty to. *Id.* at 4.

On November 1, 2025, Rodriguez was arrested and charged with driving under the influence. *Id.* That charge remains pending.

On March 4, 2026, Rodriguez was taken into custody by Immigration and Customs Enforcement ("ICE") officials. (Doc. 8 at 3). He is charged as an alien present in the United States without admission or parole and not in possession of proper documentation, in violation of §§212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (Doc. 8-4). He has remained in detention since and is currently located at the Clinton County Correctional Facility in McElhattan, Pennsylvania.

On May 6, 2026, Rodriguez was ordered removed to Cuba. (Doc. 8-5). That same day, ICE notified Rodriguez that the Government intends to remove him to Mexico, as a third-party country of removal. (Doc. 8-6). Rodriguez did not appeal his removal order, rendering it final.

On July 2, 2026, Rodriguez filed the present petition for habeas corpus. (Doc. 1). On August 3, 2026, Respondent filed a response to the petition. (Doc. 8). No reply brief was filed. Thus, the petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the

authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor

the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Rodriguez is detained under 8 U.S.C. §1231, which precludes immigration judges from holding a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) (holding that the Government is not required to offer bond hearings after six months of detention to noncitizens held beyond the 90-day removal period set by §1231).

**c. Merits**

Rodriguez argues that his detention has become unlawfully prolonged and that he, therefore, should be released from custody. Where an immigration detainee has been given a final order of removal, his detention is governed by 8 U.S.C. §1231. Under the statute, the Government "shall

remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). This ninety day "removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

In *Zadvydas v. Davis*, the Supreme Court held that the Government may not detain aliens indefinitely following a final order of removal. 533 U.S. 678, 689 (2001). Indeed, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. However, the court noted that it "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time." *Id.* at 701. Accordingly, the court reasoned that detention for up to 6 months following a final order of removal is "presumptively reasonable." *Id.*

"After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "for detention to remain reasonable, as the

period of prior postremoval grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Here, Rodriguez has been subject to a final order of removal since May 6, 2026. (Doc. 8-5). He has been detained since March 4, 2026. (Doc. 8 at 3). Rodriguez, therefore, has neither been detained nor subject to a final order of removal for more than six months. Rodriguez has not presented any evidence necessary to overcome the presumption that detention for less than six months following a final order of removal is reasonable. If it later turns out that Rodriguez's detention does, in fact, become unreasonably prolonged, he may file subsequent habeas petitions.

## IV. CONCLUSION

For the foregoing reasons, Rodriguez's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DENIED WITHOUT PREJUDICE**. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/28/26
26-1836-01